## Klohs *versus* Reifsnyder, Committee, &c.

1. Since the Act of February 20th 1867 (Lunatics, &c.), there is no doubt as to the power of a committee to maintain an action of partition.

2. Actions for remedy merely could be prosecuted and defended by a committee under his general powers before the Act of 1867.

3. A testator devised land to two sons, and directed if they desired partition that it should be done by three men agreed on by them in a manner directed in the will. One of the sons was found an habitual drunkard. His committee offered to the other son to make the choice, which he declined. *Held*, that an action at law lay when by the disability of the parties, or a refusal to proceed under the will, partition became impossible in the mode there pointed out.

4. Election to take land by seniority or sex belongs solely to proceedings in the Orphans' Court.

5. In the Common Pleas preference is given to seniority of title only, and where that fails it belongs to the discretion of the court to award it.

6. Under the Act of April 22d 1856 (Partition), preference is taken away when a bid higher than the valuation is offered. The right then depends on the price offered.

7. The Act of 1856 warrants only a single offer in writing, and the court can compel the parties to hand their offers in together, or permit them to seal them up until the court can order them all to be opened.

March 2d 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Berks county:* No. 134, to January Term 1869.

This was an action of partition, commenced June 24th 1867, by David McKnight, committee, &c., of Henry Klohs, an habitual drunkard, against Aaron Klohs, for certain real estate devised to Aaron and Henry by their father, Jacob Klohs, Aaron being the elder.

The declaration averred the joint holding by Aaron Klohs and Henry Klohs of two tracts, one of 132 acres, and the other of 15 acres of land in Muhlenberg township, Berks county, and recited that Jacob Klohs directed by his will that in case his said two sons could not agree on partition among themselves, they should each choose a man, the two men should choose a third, and the three should "make partition or valuation, which shall be valid and binding on the said parties, their heirs and assigns:" that notice was given by the committee to Aaron to appear at a certain time and place named, to make choice of three persons, and if this should not be convenient to Aaron, requesting him to inform the plaintiff what time would suit him, &c.; that Aaron disregarded the notice; that no steps having been taken by Aaron towards making partition of the land under the directions of the will, another notice was given by the plaintiff to him to appear at the place named in the first notice, on the 22d of June 1867, for the purpose of choosing three men to make partition, and if he failed to attend,

[Klohs v. Reifsnyder.]

it would be considered a refusal to make partition under the directions of the will. That Aaron failed to attend as notified, &c. The declaration then averred that by reason of this refusal the plaintiff was not bound to pursue the mode of partition directed in the will, but was remitted to his remedy in a common-law court; and concluded in the usual form.

Aaron pleaded specially, admitting the undivided holding, setting out the clauses of the will relating to the devise and partition of lands. The plea concluded:—

"Wherefore, since the writ aforesaid is brought for the partition of the real estate of the said defendant, and the said Henry Klohs held, as aforesaid, under the last will and testament aforesaid, the said defendant prays judgment, if the honorable court here will or ought to have further cognisance of the plea aforesaid." He at the same time filed a "suggestion" that McKnight as committee could not originate a suit in partition, but if the court could entertain it, the suit must be brought in the name of Henry Klohs. On the same day the plaintiff obtained a rule to show cause why judgment of partition should not be entered, notwithstanding the appearance, plea and suggestion of the defendant. The court (Woodward, P. J.) discharged the rule, and said, amongst other things:—

"The question raised by the suggestion appended to the plea as to the right of the committee to maintain the action, is supposed to be set at rest by the Act of the 20th of February 1867," Pamph. L. 30, Purd. 1468, pl. 1.

This act provides that when a lunatic or habitual drunkard has an undivided interest in land, his committee may institute an action of partition, &c.

The plaintiff demurred to the special plea as not sufficient to prevent the court having conusance of the action, and prayed judgment quod respondeat ouster, and judgment was accordingly so entered against the defendant.

The defendant then put in a "plea by confession," consenting that partition should be made between the parties.

On the 26th of June 1868 the court, upon the application of McKnight and Henry Klohs, discharged McKnight as committee, and appointed Samuel Reifsnyder in his place. Reifsnyder was substituted on the record as plaintiff in the action, and judgment quod partitio fiat entered.

A writ to make partition was issued, to which the sheriff returned that the inquisition had valued the tract of 132 acres at $23,000, and the tract of 15 acres at $700. On the 27th of August the parties having come into court by agreement to accept the property, Aaron, as eldest son, offered to take it at the valuation. The plaintiff objected "unless it be considered Aaron's bid," and proposed to make a sealed offer above the valuation.

11 P. F. Smith—16

[Klohs *v.* Reifsnyder.]

The court sustained the objection, and, at the request of Aaron, granted him time to prepare his bid until the 3d of September. Aaron on that day made the following offer in open court: "I, Aaron Klohs, eldest son and devisee under the last will of Jacob Klohs, deceased, appear in court and offer to accept the real estate of said deceased at the valuation thereof under the provisions of said will," reserving the right to bid for the property if the court refused to adjudge it to him under the above offer. The court refused to adjudge the property to him, and thereupon, same day, he offered in writing $2100 above the valuation for the 132 acres. Reifsnyder in same manner offered $5100 above the valuation for the 132 acre tract, and $5 above the valuation for the 15 acre tract. Aaron then in writing offered $400 above the bid of Reifsnyder.

The court made the following order:—

"And now, to wit, Sept. 3d 1868, the parties having again appeared in open court, pursuant to adjournment, the defendant renews his former offer in writing, viz.: 'To accept the real estate of Jacob Klohs, deceased, as eldest son and devisee, at the valuation under the provisions of the will of said deceased;' and asked that the said property be adjudged to him by the court, reserving to himself the right to bid for the property, notwithstanding the motion, to which reservation the plaintiff's counsel interposes no objection.

"The motion of defendant's counsel having been overruled, the parties severally offer sealed bids in writing for the premises in question, whereupon it appearing that Aaron Klohs, the defendant, offered $2100 above the valuation, and Samuel Reifsnyder, the plaintiff, offered $5105 above the valuation aforesaid, the defendant's counsel presented an additional offer in writing of $400 beyond plaintiff's bid, and moved the court that the land be allotted and adjudged to him as the eldest son of the testator, from whom title was derived, at said bid. The motion having been denied by the court, the defendant's counsel then asked permission to file said additional offer of $400, which, under objection from the plaintiff, was allowed. Whereupon the court adjudged the said property to Samuel Reifsnyder, the plaintiff, at his bid, and ordered and directed him to execute a bond secured by mortgage on the premises, in the sum of $32,000, to secure to the legatees of said Jacob Klohs the several sums still due to them under the testamentary charge in his will, and payable when the youngest daughter of the testator attains the age of twenty-one years as therein prescribed, and also to secure to the said Aaron Klohs, his heirs and assigns, the amount due him of the sum at which the property was adjudged to the plaintiff, viz., one-half of the sum bidden for the same, $28,805, less the amount of the above stated legacies and the costs of the proceedings in partition to be paid to him within one year of the time the property

was adjudged to the said plaintiff, with interest from April 1st 1869.''

The defendant removed the proceedings to the Supreme Court by writ of error, and assigned for error:—

1. Entertaining jurisdiction of the action.

2. Deciding that the Act of 1867 was binding on Aaron.

3. Refusing to adjudge the estate to Aaron at the valuation.

4 and 5. Refusing Aaron's last bid, and adjudging the premises to Reifsnyder.

*J. S. Livingood* and *J. Hoffman,* for plaintiff in error.—The mode of partition provided by the will is exclusive of all others. Henry was capable to do this, although an habitual drunkard: Sill *v.* McKnight, 7 W. & S. 244. The Act of 1867, *supra,* cannot admit of a construction to deprive the sons of their discretion as to the partition: Dash *v.* Van Kleeck, 7 Johns. R. 477; Crocker *v.* Crane, 21 Wendell 211. The court should have adjudged the premises to Aaron at his last bid: Act of April 22d 1856, § 19, Pamph. L. 534, Purd. 774, pl. 28.

*A. G. Green,* for defendant in error.—Writs of partition may be granted by the Court of Common Pleas at the suit of any cotenant, &c., by Act of March 28th 1806, § 4, Sm. L. 335, Purd. 770, pl. 2. The statute gave the court jurisdiction: Miltimore *v.* Miltimore, 4 Wright 155; Schenley *v.* Commonwealth, 12 Casey 29; Black *v.* Black, 10 Id. 354. The plea to the jurisdiction was too late: McMurray *v.* Hopper, 7 Wright 468. No preference is allowed to age in partition in common-law courts: Dana *v.* Jackson, 6 Barr 234, Act of 1856, *supra;* Dewart *v.* Purdy, 5 Casey 113; Mason's Appeal, 5 Wright 74.

The opinion of the court was delivered, May 11th 1869, by

Agnew, J.—The Act of 20th February 1867, Pamph. L. 1867, p. 30, puts at rest any doubt which might have been entertained as to the power of the committee of a lunatic or habitual drunkard to maintain an action of partition. Actions for the purpose of remedy merely might have been prosecuted and defended before under the general authority of the committee. The first assignment of error is not supported.

The answer to the second assignment of error is that the declaration avers an offer by the committee to proceed under the will, and a refusal by Aaron Klohs. If (as it is argued) the committee could not exercise the discretion of Henry Klohs in the choice of persons to make partition under the will, the power is necessarily suspended during Henry's disability, which might continue for life. This would prevent Aaron also from exercising the power, and the disability would descend to his heirs in case of his

[Klohs *v.* Reifsnyder.]

death during Henry's continued inability.    The only sound view of the case is that the action at law lies whenever, by the disability of the parties or a refusal to proceed under the will, partition becomes impossible in the mode appointed by the testator.

The last three assignments of error may be considered together. The court were right in refusing the election of Aaron on the ground of seniority of age.    Election by seniority and sex belongs solely to the proceeding in the Orphans' Court, having its origin in the ordinary condition of families, where some are of tender age, and others unfitted by sex to take charge of real estate.    In the Common Pleas, since the Act of 5th May 1841, preference is given to seniority of title only, and where that fails, it belongs to the discretion of the court to award it: Dunn *v.* Jackson, 6 Barr 234.    But had Aaron been entitled to the preference, it was taken away when a sum was offered above the valuation.    Then his right depended on the price he should offer.    The Act of 22d April 1856, expressly enacts that the premises shall be allotted to such one or more of the parties in interest who shall at the return of the rule offer in writing the highest price therefor above the valuation returned.    Reifsnyder, the committee, offered the highest price above the valuation, and was therefore entitled to the premises.    But it is objected that though Aaron's first bid was lower than Reifsnyder's, he offered a second of $400 over Reifsnyder's, which the court refused.    This brings us to consider the true interpretation of the Act of 1856.    The purpose of the act certainly was to enable the parties to correct unfairness or undervaluation, and make the premises command the highest price.    In this view a second bid would be but fair.    But on the other hand overbidding leads to unfairness, and incites parties to a series of feints in bidding to enable one to overreach another.    Selfish or even malicious pertinacity may force one who must have the property to pay more than its worth, or greater wealth may for unfair purposes bid it away from another whose circumstances require him to get it.    In addition to this, such an interpretation would convert the court-room into an auction, where the property would rise by small bids, until it had reached the highest price that interest or pertinacity could force it up to.    We are of opinion, therefore, that the true interpretation of the Act of 1856 warrants only a single offer in writing, and that the court can compel all parties to hand their offers in together, or permit them to seal them up, until the court shall order them all to be opened.

Judgment affirmed.