## Palethorp *v.* Palethorp.

*Partition—Sale—Asking for bids.*

After a decree in partition and after it has been ascertained that the property cannot be divided without loss, the master may ask for bids, or call upon the parties to refuse or accept the property at the appraised valuation, and if they take no action, a sale may be decreed.

Argued Jan. 11, 1901. Appeal, No. 249, Jan. T., 1900, by defendants, from decree of C. P. No. 3, Phila. Co., June T., 1894, No. 1702, in partition proceedings in case of Harriet Palethorp *v.* Robert Palethorp et al. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for partition by life tenant. See Palethorp **v.** Palethorp, 194 Pa. 408.

From the report of the master, Theodore P. Matthews, Esq., it appeared that after a decree had been entered for partition the master determined against the practicability of the real estate being divided in kind without prejudice to or spoiling the whole. The master accordingly took the testimony of competent real estate experts, and appraised the property as of the value of $82,095.81. The master then notified all parties to appear before him, and accept or refuse the properties at the appraised valuations, or to show cause why the real estate should not be sold. The master also made inquiry to ascertain if any of the parties in interest desired to submit sealed bids in writing for any of the lots of ground, at a valuation higher than that fixed by him. No bids were offered. Robert Palethorp thereupon objected to the master proceeding further in the matter than to report his valuation and appraisement to the court. All of the defendants on further inquiry by the master declined either to accept or refuse any of the lots at the valuation. The master reported that he considered the action of the three defendants as equivalent to a neglect on their part to accept any of the real estate at the valuation made by the master. He thereupon recommended an order of sale.

Exceptions to the master's report were overruled, and the court entered a decree directing a sale of the real estate.

*Error assigned* was the decree of the court.

*Robert Palethorp,* for appellant.

*Frank P. Prichard,* for appellee.

PER CURIAM, February 18, 1901:

A careful consideration of the defendant's exhaustive argument against the plaintiff's contention has not convinced us of error in the master's report or in the decree entered by the court below. It follows as a natural and reasonable sequence that the decree should be affirmed.

Decree affirmed and appeal dismissed at the cost of the appellants.