# Hanna *v.* Clark, Appellant (No. 2).

*Partition—Finding of fact—Conclusiveness of—Evidence.*

The appellate court will not in partition proceedings review a finding of fact supported by sufficient evidence to the effect that one of the parties in interest had not purchased with his own individual funds a portion of the land included in the decree in partition.

*Partition—Bid on purparts—Act of July 7, 1885.*

As the act of July 7, 1885, contains no provisions for bidding on purparts, there is no error in the refusal of a master and commissioners in partition to permit an opportunity for bids on purparts.

*Partition—Oil lands—Oil lease.*

In partition proceedings the court commits no error in refusing to partition oil under the land, where it appears that the lands are subject to oil leases previously made and still in effect.

Argued May 5, 1902. Appeal, No. 342, Jan. T., 1901, by defendants, from decree of C. P. McKean Co., Feb. T., 1897, No. 3, in partition, in case of Ellen C. Hanna and William N. Hanna v. Junius R. Clark et al. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an account and partition*

From the record it appeared that the bill was filed against Junius R. Clark and the other defendants for partition, and against Clark for an account. A master and two commissioners in partition were appointed. The master and the commissioners included in the partition certain lands which Junius R. Clark claimed that he had bought with his individual funds. They refused to partition the oil under the land, because of outstanding oil leases. They also refused to afford an opportunity to the parties to bid on the purparts.

Exceptions to the auditor's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*George A. Berry,* with him *Robert L. Edgett,* for appellants.

---

* See next preceding case.

*Samuel R. Taylor*, with him *Thomas F. Richmond*, for appellees.

*R. B. Stone*, for E. K. and R. P. Clark.

OPINION BY MR. JUSTICE POTTER, November 11, 1902:

This appeal is from the decree awarding partition. As stated by appellant, the errors complained of relate in the first place to the including in the partition, certain interests purchased by appellant, as he alleges, with his own individual funds as part of the trust estate, and increasing the purparts of each of the parties interested in the estate by the proportionate amount of the Wilcox purchase. But the learned court found the facts directly against the contention of appellant in this respect, and his finding is supported by the evidence. It is further suggested that there was error in the refusal of the master and commissioners to permit an opportunity for bids, upon the purparts. This proceeding was under the act of July 7, 1885, which contains no provision for bidding on purparts.

The appellant further contends that the partition proceedings were incomplete and irregular because the court did not partition the oil in and under the lands, or produced or to be produced from the same, among the parties entitled thereto.

It is sufficient answer to this, to say that the record shows that part of the lands involved, were subject to prior leases, which were in force. These could not be disturbed. The interest in the lands and in the oil leases were separate and independent. One was personal, the other real: Wettengel v. Gormley, 184 Pa. 354.

We see no merit in any of the assignments of error as to the proceedings in partition, and they are all overruled. The decree of the court below is affirmed, and the appeal is dismissed at the costs of appellant.