# McDonald *v.* McDonald et al.

*Partition—Rights of life tenant and remainderman—Partition against consent of life tenant—Act of April 11, 1835, P. L. 199.*

1. The purpose of partition is not to sell the purparts but to divide the land if that can be done without prejudice to the whole.

2. Under the Act of April 11, 1835, P. L. 199, giving the right to partition notwithstanding a life interest in the property, and providing "Those in remainder shall have the right to take such part as shall be awarded to them, on giving sufficient security, to be approved by the court, for the payment of the annual interest of such part to the tenant for life, unless it shall appear to the court that such tenant for life is entitled to the exclusive possession of any part of the premises described in the writ of partition; in which case the proceedings shall not interfere with the right of possession of such tenant, without his consent, but may be had subject to such possession; or such part of the premises may remain undivided during the existence of the life estate, unless otherwise disposed of by the agreement of the parties interested" the court may on petition of a remainderman set apart to a life tenant of a part interest, a part of the property representing his interest for life, against his consent, and without making provision in the decree for payment to him of interest on the value of the part of the estate in which he was entitled to a life interest.

3. In such case, the fact that the greater part of the purpart subject to such life interest is timber land and consequently unproductive is not sufficient ground for the reversal of a decree of partition.

4. After a division of property into purparts, in a manner definitely fixing the portion included in the life tenant's estate, he becomes entitled to the exclusive possession of such portion during the remainder of his life; and the remaindermen of such purpart, under the Act of 1835, are without right to partition, except subject to his right of possession. So long as his possession is not disturbed, he cannot deny others interested in the property the right to partition, nor can he insist upon a sale of the premises if the remaindermen are satisfied to accept the purpart at the stipulated value.

*Practice, Supreme Court—Exceptions nunc pro tunc after appeal —Practice, C. P.*

5. Where there has been an apparent misapprehension and a

dispute between counsel as to the effect to be given to a decree of the Supreme Court, the Supreme Court will, under certain circumstances, review the case on its merits and treat the action of the court below in permitting exceptions to its order nunc pro tunc after appeal and entering formal decree thereon, as a proper exercise of its discretion and power to amend its records.

6. Where an appeal to the Supreme Court has been quashed, the subsequent action of the lower court should be based upon the record as set forth in the reasons for quashing given by the appellee rather than upon a verbally expressed understanding of counsel as to the reason for quashing the appeal.

Argued Oct. 24, 1916. Appeals, Nos. 9 and 187, Oct. T., 1916, by Horace J. Miller, Adelaide M. Blick and James M. Cockins, from decree of C. P. Allegheny Co., Oct. T., 1914, No. 431, in Equity, dismissing exceptions to decree in partition in case of Edward McDonald v. Jane Craig McDonald, J. Nesbit McDonald, Adelaide M. Blick and Carrol B. Blick, her husband, Horace J. Miller and James M. Cockins. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for partition. Before CARPENTER, J.

The facts appear by the opinion of the Supreme Court.

The lower court entered a decree in partition and the court in banc dismissed exceptions thereto. Horace J. Miller, Adelaide M. Blick and James M. Cockins appealed.

*Error assigned,* among others, was the decree of the court.

*S. S. Mehard,* with him *Miller, Vogan & Nesbitt,* for appellant.—The court has no power to restrict the interest of the life tenant in part of the property to an undivided portion of the whole without making provision in the decree for payment to him of interest on the valuation at which the remaindermen accepted the property: Rankin's App., 95 Pa. 358; Culbertson's App., 76 Pa.

145; Deshong v. Deshong, 186 Pa. 227; Vensel's App., 77 Pa. 71; Martin's Est., 1 Chester Co. 512; Field's 'Est., 14 Philadelphia 304.

*Horace J. Miller,* with him *Harry J. Nesbit,* for appellees.—The tenant for life being entitled to the exclusive possession of the property allotted to him would not have any standing to compel a partition of his interest in the property as against the remaindermen: Seiders v. Giles, 141 Pa. 93; Deshong's Est., 6 Del. Co., 519; Deshong v. Deshong, 186 Pa. 227; Kerner's Est., 6 Lack. Jur. 71.

A decree in partition does not decide title or create any new title, it dissolves the tenancy in common, but it does not divest the title in common until the payment of the shares of the owners: McClure v. McClure, 14 Pa. 134; Goundie v. Northampton Water Co., 7 Pa. 233; Smith v. Scudder, 11 S. & R. 325; Ross v. Pleasants, 19 Pa. 157.

Under the Act of April 11, 1835, P. L. 199, the life tenant had no right to demand that security be given him for the payment to him of interest on the value of the part of the estate in which he was entitled to a life interest as he was entitled to exclusive possession of the property allotted to him: Wolfe's Est., 22 Pa. C. C. 340; Warren's Est., 11 Lack. Jur. 215; Holmes v. Fulton, 193 Pa. 270; Cowan's App., 2 Monahan 609; Kennedy v. Condran, 244 Pa. 267; Deshong v. Deshong, 186 Pa. 227; Kauffman v. Pittsburgh, 248 Pa. 41; Harlan v. Langham, 69 Pa. 235; McClure v. McClure, 14 Pa. 134; Davis v. Dickson, 92 Pa. 365.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

James M. Cockins, the appellant in Appeal No. 187, held a life interest in an undivided 30/72 part of certain real estate, of which part Horace J. Miller and Adelaide M. Blick, two of the defendants, owned the remainder in fee. Plaintiff and two other defendants were each entitled to a 14/72 part of the same property. Proceedings in partition of the property were begun by plaintiff, to

which Horace J. Miller answered and demurred, and answers were filed by four of the remaining defendants, in which they joined in the request for partition. Cockins filed an answer alleging the property could not be divided without prejudice to the whole, and asked that sale be ordered. On consideration of the bill and answers, the court decreed partition and appointed a master for the purpose of dividing the property and determining the value of the parts according to law. The master reported the property could be divided into two purparts, designated as "A" and "B," and fixed a value on each, purpart "A" representing 42/72 and purpart "B" representing 30/72 of the property, the latter subject to the life estate of James M. Cockins, who filed exceptions to the report, alleging partition could not be made as reported by the master without prejudice to his life interest in the property as a whole. The exceptions were dismissed by the master, and his report filed, which was duly confirmed, and rule entered on the parties to appear and bid or accept or refuse to take the purparts at the valuation given, or show cause why the same should not be sold. All parties in interest, except Cockins, the life tenant, signed the stipulation agreeing to take the purparts in accordance with the division made by the master. The court ordered the stipulation to be filed and a decree drawn pursuant thereto. A decree followed awarding to the parties the purparts in accordance with the findings of the master, the award of purpart "B" being made subject expressly to the life interest of James M. Cockins. The latter appealed, questioning the power of the court to restrict his life interest to a divided portion of the whole without making provision in the decree for payment to him of interest on the valuation at which the remaindermen accepted the property.

Before discussing the merits of this appeal by Cockins, we should first consider the appeal taken by Horace J. Miller and Adelaide M. Blick (No. 9). The master filed his report May 12, 1915, and, on May 21, 1915, it

was confirmed nisi "to become absolute in ten days unless exceptions are filed thereto in the meantime." June 1, 1915, the report was confirmed and on June 27th all parties, by their attorneys, signed a waiver of notice of intention to submit form of final decree. This was filed June 29th and on the same day the form of final decree and exceptions thereto were filed. On September 9th these exceptions were dismissed, and September 11th the formal decree was filed. On September 18th, James M. Cockins appealed to this court and on motion the appeal was quashed. While the record fails to disclose the reason, the motion to quash averred that one assignment of error was unsupported by exceptions and also that appellant had not assigned for error the final decree of the lower court entered September 11, 1915. . Following the quashing of his appeal Cockins presented a petition to the court below for leave to file exceptions to the decree of September 11, 1915, nunc pro tunc, which was allowed, the court saying: "In view of the reasons assigned in support of the motion to quash the appeal, and in view of the relief sought by appellant, I suggested that it would be proper to petition the Supreme Court to vacate its order quashing the appeal, and for leave to apply to this court for an order permitting an exception to the decree, nunc pro tunc, as of September 11th, 1915, but counsel for appellant having stated that it was their understanding that the Supreme Court held that the decree marked final was in fact a decree nisi, I have made the order as prayed for in the petition presented." Exceptions were duly filed September 16, 1916, and on September 18th the exceptions were dismissed and the court adopted the decree of September 11, 1915, as the final decree of the court. From this decree Cockins took his present appeal, No. 187, and at the same time Appeal No. 9 was taken by two of his codefendants, assigning for error the action of the court in allowing exceptions nunc pro tunc and thus permitting a second appeal.

In view of the apparent misapprehension and dispute

between counsel as to the effect to be given to the decree of September 11, 1915, when originally filed, we have concluded to review the case on its merits and treat the action of the court below in permitting exceptions to be filed nunc pro tunc, and entering formal decree thereon, as a proper exercise of its discretion and powers to amend its records. At the same time we feel constrained to say that we do not approve of the action of the court in basing its conclusion upon the verbally expressed "understanding" of counsel as to our reason for quashing the appeal, rather than upon the record as set forth in the reasons for quashing given by the appellee in the former appeal.

A consideration of appeal No. 187 on its merits fails to disclose reasons for reversal. The Act of April 11, 1835, P. L. 199, giving the right to partition notwithstanding the existence of a life estate in the property, contains a proviso that "those in remainder shall have the right to take such part as shall be awarded to them, on giving sufficient security, to be approved by the court, for the payment of the annual interest of such part to the tenant for life, unless it shall appear to the court that such tenant for life is entitled to the exclusive possession of any part of the premises described in the writ of partition; in which case the proceedings shall not interfere with the right of possession of such tenant, without his consent, but may be had subject to such possession; or such part of the premises may remain undivided during the existence of the life estate, unless otherwise disposed of by the agreement of the parties interested." Appellant's contention is that under this act partition is not allowable without his consent, except on condition that security be given for the payment to him of the interest on the value of the part of the estate in which he was entitled to a life interest, as he was not entitled to exclusive possession of the whole or any part of the estate. Although this may have been true previous to partition of the property, after a division into purparts, in a man-

ner definitely fixing the portion included in his life estate, he thereupon became entitled to the exclusive possession of such portion during the remainder of his life: Seiders v. Giles, 141 Pa. 93. While he lives, the remaindermen of purpart "B," by the express terms of the act, are without right to partition, except subject to his right of possession. On the other hand, so long as his possession is not disturbed, he cannot deny others interested in the property the right to partition, nor can he insist on a sale of the premises if the remaindermen are satisfied to accept the purpart at the stipulated value. The purpose of partition is not to sell the purparts but to divide the land if that can be done without prejudice to the whole: Seiders v. Giles, 141 Pa. 93; Kennedy v. Condran, 244 Pa. 267. Appellant complains that the greater part of the purpart subject to his life interest is timber land and consequently unproductive and that injustice will be done him if his interest is confined to the income from this part alone rather than to a proportion of the income of the property as a whole. This is his misfortune in having only a limited interest in the property rather than an estate in fee. The possibility of income would affect the value of the property and was a matter to be considered by the master in determining whether a division of the property could be made without injury to its value, and we must presume this matter was given its due weight, especially as the remaindermen have indicated their satisfaction therewith by accepting the purpart at its appraised value.

Appeal No. 9 is dismissed and the judgment of the court below in appeal No. 187 is affirmed.