Harbin *v.* Harde, Appellant.

Argued April 25, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Louis L. Kaufman,* for appellant.

*Allen H. Kerr,* for appellee.

OPINION BY HIRT, J., July 19, 1940:

The land, the subject of this partition proceeding, was owned by Frank Joseph Harde in his lifetime and on his death descended to his heirs, of whom defendant Anthony Harde was one. The interests of three other heirs, in the land, was purchased on January 15, 1938 by plaintiff Rose Harbin; she was not an heir of decedent and her entire interest in the land was acquired by purchase. The bill, in this her action for partition of the land, was taken pro confesso and a decree of partition was entered. A master was then appointed by the court and in response to the master's rule to accept or refuse the real estate at the valuation placed thereon, to put in bids, or show cause why the same should not be sold, both plaintiff and defendant appeared before the master and each of them accepted purpart No. 1 at the master's valuation of $800. The purpart was awarded to neither. Thereupon over defendant's objection, the master called for sealed bids for this purpart from the parties in interest and bids were made by plaintiff and by defendant. Plaintiff's bid of $1300 was the higher and the master awarded the purpart to her and made report to the court accordingly.

The master's report was confirmed and defendant's exceptions thereto were dismissed by the court in banc. Hence this appeal, in which defendant questions the propriety of taking sealed bids by the master from two parties in interest after each of them had accepted the land at the master's valuation. Defendant contends, also, that the purpart should have been allotted to him on his acceptance at the master's valuation because he is of the blood of Frank Harde, the common source of title, and took title to his interest by inheritance before plaintiff purchased the interests of other heirs.

There is no merit in this latter contention. In partition proceedings in equity under the earlier Acts, "All the parties without regard to age, sex, or seniority of title are ...... placed on a footing of equality, so far as it is practicable to do so. Neither can have any undue advantage of the other": *Eyerman v. Detwiller*, 136 Pa. 285, 20 A. 511. There is nothing in the present Act changing the rule.

Prior to the Act of March 26, 1919, P. L. 26 §1, 12 PS §1721, amending the Act of July 7, 1885, P. L. 257 §2, the power to accept bids in partition proceedings was vested exclusively in the court. *Klohs v. Reifsnyder*, 61 Pa. 240; *Eyerman v. Detwiller*, supra; *Whitman v. O'Connor*, 145 Pa. 642, 23 A. 234. But the 1919 amendment, after directing the master to divide the land into purparts and to value the same, specifically provides that the master "shall issue a rule on all parties in interest to appear before the master on a day certain to accept or refuse the said real estate at the valuation placed thereon by the master, *put in bids for the same,* or to show cause why the same should not be sold, and, on the return of said rule, shall award and allot the said lands or the said purpart to the acceptant or *to the highest bidder* ......" (Italics supplied). These procedural rules were intended to favor

the parties in interest as a class, for partition is the primary object of the Act, but were not intended to give an advantage to one party over another. The practice supplied by this legislation operates as a safeguard against undervaluation and at the same time does not subject the parties to the competitive bidding of a public sale. When each of the parties accepted the purpart at the same valuation, the master, to resolve the stalemate, properly received bids and the allotment of the purpart to plaintiff on her high bid was properly confirmed. The provision for receiving bids from the parties in interest undoubtedly was written into the Act of 1919 as in the former Acts where bids were received by the court, to meet a situation such as this, as well as one where no party accepts the land at the master's valuation. Its purpose is to make available to the parties an additional method of partition, before proceeding with a public sale. The Act contemplates one "acceptant" and if two or more parties in interest elect to take at the master's valuation, the second method prescribed by the Act, that of taking bids from the parties in interest, applies. There is nothing in the Partition Act which prohibits a party in interest from both accepting at the master's valuation and, later, putting in a bid if the land cannot be allotted to him because another party in interest has elected to take at the master's valuation.

The cases cited by defendant construing prior repealed Acts which did not authorize the master to receive bids, are not applicable.

Judgment affirmed.