## Beall *v.* Hare, Appellant.

Argued September 26, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

reargument refused November 30, 1961.

*R. Wallace Maxwell,* with him *W. Robert Thompson,* and *Thompson and Baily,* for appellants.

*Ewing B. Pollock,* with him *Pollock, Pollock & Thomas,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 14, 1961:

These appeals question the legal correctness of the decree of the court below in an action of partition.

Euphemia S. South died testate on March 18, 1934, seised of improved farm land of approximately 43 acres. By her will she devised a life interest therein to her husband, since deceased, and the remainder in equal shares to her five children, Alice S. Beall, Edna S. Sander, Lula S. Morris, Cora S. Hare and Frank Lee South. Cora S. Hare subsequently died and by will devised her interest to her husband, James F. Hare, Sr., for life and the remainder to her son, James F. Hare, Jr. James F. Hare, Sr. died while these proceedings were in process. On April 2, 1957, Lulu S. Morris

and her husband conveyed her undivided one-fifth interest to Pearson Minor, the appellee herein.

Alice S. Beall, one of the co-tenants instituted an action in partition on May 16, 1957. The owners of the other four one-fifth interests were named defendants. The court found the land incapable of partition and ordered it sold unless interested parties filed objections as provided for in Pa. R. C. P. 1563(b). Frank Lee South, Edna S. Sander, James F. Hare, Sr. and James F. Hare, Jr. filed timely written objections to the sale of the property and requested that the property be awarded to them alone as the owners of three-fifths or the majority interest therein, at a valuation to be determined by the court, and that their interests remain undivided. Pearson Minor also filed a timely written objection to the sale of the property and requested that the property be awarded to all defendants in the partition action at the valuation to be fixed and that the interests of all remain undivided. The remaining defendants promptly filed objections to Minor's request.

The court appointed a master with authority, inter alia, to fix the valuation of the real estate. The fairness of his appraisal at $8,000 is not questioned.

Subsequently, the court granted Minor's request and decreed that the property be awarded to all four defendants in the partition action as co-owners of an undivided one-fourth interest each. The other defendants, representing the undivided three-fifths interest, appeal.

The question presented for decision is: Whether in a partition proceeding involving five equal interests, may three of the four defendants representing the majority interest involved have the property awarded to them at its fixed valuation and exclude the fourth defendant over his objection? We conclude not and the court below correctly so held.

The issue involves an interpretation of the pertinent rules of civil procedure (Pa. R. C. P. 1551-1574) and

is one of first impression. Prior to these rules, effective November 1, 1955, the law of partition in equity was governed by the Act of July 7, 1885, P. L. 257, as amended, March 26, 1919, P. L. 26, §1, 12 PS §1721. Under the provisions of the 1885 statute, the interested parties were required to submit sealed bids in a sum not less than the fixed valuation and the property was awarded by the court to the highest bidder. Difficulties under this practice ensued in the situation where the owners of separate interests bid in the same amount. See, *Kennedy v. Condran*, 244 Pa. 264, 90 Atl. 620 (1914). The statute of 1919, attempted to correct the existing deficiency and under its provisions the owners interested in buying were required to participate in a competitive private sale through sealed bids. See, *Harbin v. Harde*, 141 Pa. Superior Ct. 1, 14 A. 2d 866 (1940). The rules of civil procedure suspended both statutes.

Pa. R. C. P. 1561 provides the method of awarding properties which are proportionate in value to the interests of the various parties.

Pa. R. C. P. 1562 provides the method of awarding properties that are capable of division but are incapable of being divided into parts whose values are proportionate to the interests of the parties. It prescribes for acceptance or refusal and private sale among the parties.

Pa. R. C. P. 1563(b), with which we are most concerned, provides the method of awarding property that is not capable of division without destroying the value of the property. It states as follows: "Parties defendant owning a majority in value of the property may object in writing to any sale, requesting that the property be awarded to them at its valuation fixed by the court and that their interests in the same remain undivided. Upon such request the entire property shall be awarded to the parties objecting to sale, as ten-

ants in common, subject to the payment to the parties desiring partition and sale of the amounts of their respective interests based upon the valuation. The amounts due the parties shall be charged as liens upon the property, to be paid in such manner and time as the court shall direct."

The intent of the rule is manifested in the second sentence thereof which provides that parties-defendant owning a majority in value of the property may object to the sale, and that the parties *objecting* may have the property awarded to them as tenants in common, subject to the payment to the *parties desiring* partition and sale, the amount representing their respective interests. There is nothing in this rule which provides for the payment of the cash equivalent to parties *objecting* to the partition and sale. All parties-defendant may object. The purpose of partition is to afford those individuals who no longer wish to be owners the opportunity to divest themselves for a fair consideration. It makes no difference how many defendants object to the sale and wish to retain their undivided interests, so long as they own a majority in interest. Nor does it make any difference whether all defendants are all agreeable to each other. Two or more co-tenants have an *equal* right to request that their shares remain in co-tenancy for the future. Under prior practice undivided interests could be retained only where all defendants joined in the request. However, now this privilege is given to two or more defendants, who own a majority interest. See, Goodrich-Amram, Civil Practice, §§1562-1, 1563-1, 1565(a)-1. Any other construction of the rules would work an inequitable result. This ruling may eventually lead to a subsequent partition action involving the same property but in that event Minor will have a fair opportunity to continue his ownership through his bid to purchase if such becomes necessary.

Decree affirmed. Costs to be paid by the appellants.