Factor *v.* Getz et al., Appellants.

Argued January 11, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Milton S. Lazaroff,* with him *Techner, Rubin & Shapiro,* for appellants.

*Samuel Rappaport,* with him *Rappaport & Furman,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, April 22, 1971:

This appeal arises out of an action brought by appellee Carol Factor to quiet title to various real properties conveyed by her grandfather under an inter vivos deed of trust. The sole matter in dispute concerns the correct interpretation of the deed.

The facts established by the pleadings and evidence are these: By deed of trust dated October 28, 1960, appellee's grandfather, Morris Getz, conveyed certain real properties to himself as trustee, reserving in himself a beneficial life estate and granting the remainder to his four children subject to the following contingency. "[S]hould any of said children predecease their father, the said Morris Getz, then and in such event, the issue of the ones so dying, shall take the share their parent would have taken if living." However, the last clause in the instrument immediately prior to settlor's signature further provided that: "Title cannot vest in any issue of children predeceasing the said Morris Getz, except by a recorded instrument in the form of a deed." Although appellee's mother, one of Morris Getz's children, predeceased Morris by approximately 16 months, no instrument in the form of a deed was ever executed providing that her children would succeed to her share of the trust properties.

Several months after Morris' death in July of 1967, appellee brought the present action to quiet title alleging that an aunt and uncle, appellants in this Court, were refusing to recognize her rightful interest in the trust properties and requesting that she be declared a tenant in common along with the other recognized trust beneficiaries.

The matter proceeded to trial without a jury in the Philadelphia Court of Common Pleas, at which time one Simon Lenson, Morris Getz's former attorney and scrivener of the deed of trust, appeared as a witness on appellee's behalf. Lenson testified that the deed as origi-

nally drawn and signed did not contain the language in the present final clause providing that title "cannot vest in any issue of children predeceasing the said Morris Getz, except by a recorded instrument in the form of a deed." According to Lenson, when he sought to record the deed, the Register of Deeds demanded the payment of a transfer tax in light of the possibility under the terms of the deed of an eventual taxable transfer between grandparent and grandchild. Lenson testified that he discussed this problem with Morris and they decided to include the present final clause for the purpose of avoiding transfer tax liability. Lenson stated specifically that this was the sole reason for so amending the deed and that Morris had expressed an intention not to change its substantive provisions in any way.

On April 28, 1969, the trial court entered an order sustaining appellee's alleged property interest, barring appellants from interfering with that interest, and directing that its order should become effective upon its being recorded with the Philadelphia Commissioner of Records and upon payment to the Commonwealth and to the City of Philadelphia of any taxes appropriate to the conveyance of real property by deed from a grandfather to a granddaughter. Appellant then filed exceptions, which were argued before a court en banc. On August 14, 1970, the court en banc dismissed the exceptions and entered judgment in accordance with the trial court's prior order. This appeal ensued.

In this Court appellants contend that the language of the deed of trust is clear and unambiguous and that, consequently, it was error to allow parol evidence to prove settlor's actual intent. We do not agree.

When the terms of a written trust instrument are clear and certain, parol or extrinsic evidence is not admissible to explain the settlor's intent. *Pew Trust,* 411 Pa. 96, 191 A. 2d 399 (1963). However, such evidence

is admissible to prove intent where the written instrument is ambiguous. *Scholler Trust,* 403 Pa. 97, 169 A. 2d 554 (1961). We believe that the deed of trust in the present case was ambiguous and that the trial court acted properly in receiving and considering parol evidence of Morris Getz's intent.

As noted above, the deed's habendum clause directs that if any of settlor's children predecease him, ". . . *then and in such event,* the issue of the ones so dying, *shall take* the share their parent would have taken if living." (Emphasis added.) This provision clearly created in appellee an interest in the trust properties with one and only one condition, to wit: that her mother predecease settlor. Immediately upon the occurrence of that event her interest was to vest. In direct contradiction, the deed's last clause purports to impose the *additional* condition that appellee's interest should not vest until the recording of a further written instrument in the form of a deed. This fundamental inconsistency rendered the trust's donative scheme ambiguous, and extrinsic evidence of settlor's intent was therefore permissible.

Finally, appellants argue that the recording of the trial court's order quieting title would not satisfy the deed of trust's explicit requirement that appellee's title can vest only by "a recorded instrument in the form of a deed." This argument is ill-conceived. The extrinsic evidence summarized above clearly demonstrates that this language was merely intended as a commitment to the Commonwealth that all necessary transfer taxes would be paid before appellee receives title to her interest in the trust properties. This commitment is fully embodied in the portion of the trial court's order directing that the order should not be recorded until payment of all appropriate taxes.

The judgment of the Philadelphia Court of Common Pleas is affirmed.