J.A30031/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL W. MILLER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ADAMS OUTDOOR ADVERTISING | : | |
| LIMITED PARTNERSHIP, | : | |
| | : | No. 924 EDA 2015 |

Appeal from the Order Entered March 5, 2015
In the Court of Common Pleas of Monroe County
Civil Division No(s): 8252 CV 2014

BEFORE: MUNDY, JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED December 24, 2015**

Appellant, Michael W. Miller, appeals from the order entered in the Monroe County Court of Common Pleas granting Appellee's, Adams Outdoor Advertising Limited Partnership, demurrer to Appellant's complaint and dismissing the complaint. Appellant claims the complaint, when read in conjunction with the exhibits, would permit recovery. We affirm.

On October 27, 2014, Appellant filed a complaint alleging that Appellee breached the August 17, 2011 Lease Agreement, which provided that Appellee would lease a billboard to Appellant with two digital billboard faces. R.R. at 4a.[1] Appellant avers that in breach of the Lease Agreement,

---

[*] Former Justice specially assigned to the Superior Court.

[1] For convenience, we refer to the reproduced record.

Appellee has installed a digital billboard face on one side of the billboard. *Id.* On November 13, 2013, Appellee filed preliminary objections in the nature of a demurrer, contending the Lease Agreement did not require it to construct a sign with two digital billboard faces. R.R. at 22a. Oral arguments were held on February 2, 2015.[2] The trial court sustained the demurrer and dismissed Appellant's complaint. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[3] The trial court filed a statement pursuant to Pa.R.A.P. 1925(a) relying upon its opinion granting the demurrer to Appellant's complaint.

---

[2] We note that there is no transcript of the oral arguments in the certified record on appeal.

[3] Appellant's Rule 1925(b) statement raised the following claim: "The [t]rial [c]ourt erred as a matter of law and abused its discretion in granting [Appellee's] demurrer to the Complaint filed in the above captioned matter and dismissing the Complaint filed in the above captioned matter." Appellant's Concise Statement of Matters Complained of on Appeal, 4/28/15. This Court has stated:

> "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." Further, this Court may find waiver where a concise statement is too vague. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review."

*In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013) (citations omitted). The statement does not specify with particularity the substance of the trial court error complained of on appeal. Based upon our standard of review, we decline to find waiver.

Appellant raises the following issue for our review: "Whether the trial court erred as a matter of law and abused its discretion in granting [Appellee's] demurrer to the complaint and dismissing the complaint?" Appellant's Brief at 4.

Appellant contends that the Lease Agreement, when read in context with the exhibits, would state a cause of action and permit recovery. Appellant avers that the court erred in relying upon the language in the Addendum to the lease which provided that "[t]his Lease Agreement is for a term of twenty (20) years **commencing upon completion of the structure with the digital face that is facing south**." Appellant's Brief at 12; R.R. at 15a (emphasis added). Appellant claims "[t]he language in question, it is submitted, can be equally construed to mean that the north facing side would also be digital, since the south facing side was only established when the term of the lease commenced." Appellant's Brief at 12. Appellant argues that the letter dated July 5, 2013,[4] providing that

---

[4] The letter states, in pertinent part:

> The agreement we entered into on (or about) August 1, 2012, is for a twenty year term. This is a two phase development agreement. [Appellee] installed a digital billboard face on one side of the structure in 2012 located on your property. [Appellee] intends to install a second digital face in third quarter of 2013. This will result in a "back to back," 14'X48', digital structure on your property for a twenty year period.

R.R. at 18a.

J.A30031/15

Appellee intends to install a second digital face, clarified the ambiguity in the Lease Agreement. *Id.* at 13.

Our review is governed by the following principles:

> As a trial court's decision to grant or deny a demurrer involves a matter of law, **our standard for reviewing that decision is plenary**. Preliminary objections in the nature of demurrers are proper when the law is clear that a plaintiff is not entitled to recovery **based on the facts alleged in the complaint**. Moreover, when considering a motion for a demurrer, the trial court must accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts.
>
> \* \* \*
>
> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. . . . Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

**Bargo v. Kuhns**, 98 A.3d 686, 689 (Pa. Super. 2014) (emphases added and citations omitted). "A demurrer does not, however, admit the pleader's conclusions of law." **Hoffman v. Misericordia Hosp. of Phila.**, 267 A.2d 867, 868 (Pa. 1970).

- 4 -

A lease is in the nature of a contract and is controlled by principles of contract law. As such, a lease must be construed in accordance with the terms of the lease agreement as manifestly expressed, and [t]he accepted and plain meaning of the language used, rather than the silent intentions of the contracting parties, determines the construction to be given the agreement.

***Heasley v. KSM Energy, Inc.***, 52 A.3d 341, 344 (Pa. Super. 2012)

(quotation marks and citation omitted).

To give effect to the intent of the parties, we must start with the language used by the parties in the written contract. Generally, courts will not imply a contract that differs from the one to which the parties explicitly consented. We are not to assume that the language of the contract was chosen carelessly or in ignorance of its meaning.

Where the language of the contract is clear and unambiguous, a court is required to give effect to that language. Contractual language is ambiguous "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense."

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013)

(citations omitted).

Instantly, the trial court opined:

Here, [Appellant] argues that the language in the written Lease Agreement was ambiguous, and that [Appellee's] subsequent letter clarified the language. Alternatively, [Appellant] argues that it is a contract consisting of more than one written instrument. Upon review of the Agreement, neither is the case.

The Agreement does not explicitly address whether the sign faces would be digital or static, except in the addendum where the term of the lease is discussed. There it states that the twenty year term of the lease commences "upon completion of the structure with the digital face that

- 5 -

is facing south." Thus the parties agreed that the south-facing side of the billboard would be digital. However, the form of the north facing sign was not addressed in the lease. Paragraph 1 of the Agreement stated:

> **1. Demise.** Lessor hereby leases and demises to Lessee the following described property ("Property") for the purpose of erecting, operating, maintaining, repairing, modifying and reconstructing outdoor advertising structures, together with any advertising, equipment and accessories that [L]essee may desire to place thereon ("Structures"), and Lessor warrants to Lessee the quiet enjoyment of the Property during the term of this lease, and shall not enter into any agreement for or conditioned upon the removal of Lessee's Structures . . .

> A fair reading of this paragraph of the lease is that [Appellee] would erect a billboard with any advertising, equipment and accessories that [Appellee] decided to place thereon. This provision was modified by the Addendum that stated the south-facing sign would be digital and implied that it was a double-sided billboard. However, [Appellee] made no promise in the parties' Agreement that it would construct two digital signs.

> The letter of July 5, 2013 gave [Appellee's] statement of intent to construct a second digital face on the sign. However, this statement of intent was not an amendment to the agreement, and there was no additional consideration given to make it one.

> The language of the agreement is not ambiguous; therefore, [Appellee's] letter does not clarify language that is difficult to interpret. Finally, the Agreement itself provides that both parties agreed to be bound only by the provisions set forth in their Agreement. . . .

Trial Ct. Op., 3/5/15, at 4-5.

In the case *sub judice*, The Lease Agreement provided, in pertinent part: "(n)either Lessor nor Lessee shall be bound by any terms, conditions or

oral representations that are not set forth in this Lease Agreement. . . . This Lease Agreement (and any addendum) represents the entire agreement of Lessee and Lessor with respect to the Structures and the Property." R.R. at 14a. The Addendum was attached to the Lease Agreement and incorporated by reference. *Id.* The Addendum further provided as follows: "IN THE EVENT OF A CONFLICT between the Lease and this Addendum, the provisions of the Addendum shall take priority; in all other respects, the Lease remains unchanged." *Id.* at 15a.

We review a lease based upon contract principles. *See Heasley*, 52 A.3d at 344. The language in the Lease Agreement was clear, *viz.*, that the Lease Agreement was for a twenty year term which commenced upon completion of the structure with the digital billboard face that is facing south. *See Goodwin*, 68 A.3d at 349. The Lease Agreement provided that it and the Addendum represented the entire agreement of the parties with respect to the Structures and the Property. *See id.* Appellant's reliance upon the July 5, 2013 letter is unavailing. *See id.* Based on the facts as alleged in the complaint, we find Appellant was not entitled to recover. *See Bargo*, 98 A.3d at 689; *see also Hoffman*, 267 A.2d at 868. We discern no error of law by the trial court. *See Bargo*, 98 A.3d at 689. Accordingly, we affirm the order of the trial court granting Appellee's demurrer to Appellant's complaint and dismissing the complaint.

Order affirmed.

Judge Jenkins joins the memorandum.

Judge Mundy notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2015