J-A10007-21

2021 PA Super 187

| | | |
|---|---|---|
| HEATHER MCDANIELS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL RUTTER | : | No. 1656 EDA 2020 |

Appeal from the Order Entered July 31, 2020
In the Court of Common Pleas of Bucks County
Civil Division at No(s): No. 2020-02851

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

OPINION BY PANELLA, P.J.:                    **FILED SEPTEMBER 16, 2021**

Heather McDaniels appeals from the order sustaining Michael Rutter's preliminary objections to her complaint that sought partition of funds that Rutter deposited in, but quickly withdrew from, a joint banking account. She claims that under Pennsylvania law, Rutter's deposits constituted a completed *inter vivos* gift and she is therefore entitled to fifty percent of those deposits. We conclude that McDaniels's complaint failed to allege sufficient facts to overcome the Pennsylvania Multiple Party Accounts Act's ("MPAA")[1] presumption that the deposits were not a gift. We therefore affirm.

In September 2008, Rutter added McDaniels to his bank account with the Police and Fire Federal Credit Union, creating a joint account. In March 2020, Rutter deposited over seven hundred thousand dollars into the joint

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 20 Pa.C.S.A. 6301, *et seq*.

account. Approximately two weeks later, he withdrew that sum from the joint account and deposited it in his separate, personal account.

McDaniels filed an eleven-paragraph complaint seeking fifty percent of the approximately seven hundred thousand dollars. She did not allege Rutter had intended to gift her the money. Rather, she alleged the account was "jointly owned with right of survivorship" and that after depositing money in the joint account, Rutter had "exercised complete control over the withdrawn monies to the exclusion of [McDaniels] since his withdrawals." Complaint, 6/26/2020, at ¶¶ 4, 9. In support of her claim, she quoted the language of the joint account agreement:

> If your joint account is governed by the laws of the State of Pennsylvania, then it is subject to the provisions of the Pennsylvania Multiple Party Accounts Act … All funds on deposit are owned by any of the joint owners with right of survivorship. The joint owners of the accounts hereby agree with each other and with us that all sums, whenever paid into the accounts by any or all of the joint owners to the credit of the joint owners with all accumulations thereon, are and shall be owned by them jointly, with right of survivorship and be subject to withdrawal or receipt of any of them. We can release or pay any amount on deposit in your account to any owner, and payment to any of them or the survivor or survivors shall be valid and discharge us from any liability for such payment.

*Id*., at ¶ 5 (unnecessary capitalization omitted).

Rutter filed preliminary objections to the complaint. He alleged that he and McDaniels had never been married, but "were together for approximately eight years." He further asserted that this relationship ended in 2011, nine years before he received an inheritance of more than seven hundred thousand

- 2 -

dollars and deposited it in the joint account. Rutter sought dismissal of McDaniels's complaint on the grounds that she did not plead facts sufficient to establish that she was entitled to relief.

McDaniels filed a response to the preliminary objections. She conceded that she and Rutter "previously were engaged in a romantic relationship," and had never been married. For the first time, she alleged that Rutter had made an *inter vivos* gift to her by depositing the money in the joint account. However, she did not allege any new facts supporting this assertion.

After reviewing these filings[2] and the briefs of the parties, the trial court sustained the preliminary objections on several bases, including the application of the MPAA. McDaniels filed this timely appeal.

"Where it appears that the law will not permit recovery, the court may sustain preliminary objections in the nature of a demurrer." ***Bayada Nurses, Inc. v. Commonwealth of Pennsylvania, Dept. of Labor and Industry***, 8 A.3d 866, 884 (Pa. 2010). The court must accept as true all well-pleaded material facts and any reasonable inferences derived from those facts. ***See Bargo v. Kuhns***, 98 A.3d 686, 689 (Pa. Super. 2014) (citations omitted). However, a court need not accept as true conclusions of law, unwarranted

---

[2] McDaniels's complaint, Rutter's preliminary objections, and McDaniels's response to the preliminary objections are all verified and are considered pleadings. ***See*** Pa.R.Civ.P. 1017(a)(1) and (4). While we reference factual allegations from all the verified pleadings for context, our legal analysis is focused solely on the factual allegations contained in McDaniels's complaint.

inferences from facts, expressions of opinions or allegations. **See Bayada**, 8 A.3d at 884. In determining whether the trial court properly sustained preliminary objections, this Court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. **See Foster v. UPMC South Side Hosp.**, 2 A.3d 655, 662 (Pa. Super. 2010) (citations omitted).

Here, McDaniels claims Rutter created a joint tenancy in the funds by depositing them in the joint account. If this assertion is true, Rutter was prohibited from withdrawing the funds to deprive McDaniels of the benefit of the funds. **See In re Beniger's Estate**, 296 A.2d 773, 775 (Pa. 1972). Since Rutter nevertheless did so, McDaniels claims she would be entitled to one-half of the funds. **See Yannopoulos v. Sophos**, 365 A.2d 1312, 1315 (Pa. Super. 1976) (holding that after a joint tenancy in real estate was severed, each party was entitled to one-half the proceeds from the sale of the real estate).

We start our analysis with McDaniels's reliance on **Beniger's Estate**. There, a father and daughter opened a joint savings account that provided for a right of survivorship. **See id**., at 775. Although this is not explicit in the opinion, the legal analysis presumes that the father deposited at least some of the funds in the savings account. **See id**. (phrasing the issue on appeal as whether the daughter was entitled to the funds in the savings account as a donee of an *inter vivos* gift). The father subsequently died, but not before the daughter had transferred the funds from the joint account to an account in

her name only. *See id*. The father's estate sought the return of the funds from the joint savings account. *See id*.

The Supreme Court held the opening of the joint account was presumptively a gift of a joint tenancy with right of survivorship, and the estate had failed to present clear and convincing evidence to the contrary. *See id*., at 776. The Court further rejected the estate's argument that the daughter's transfer of the funds to her personal account severed the joint tenancy, entitling the estate to one-half of the funds. *See id*. The Court recognized that while the father still lived, the daughter was only allowed to withdraw funds from the account "for the mutual benefit of both" father and daughter. *Id*. The Court concluded the estate had failed to prove that the daughter was not acting for the mutual benefit of both father and daughter. *See id*., at 777.

From the Court's discussion, we conclude the gift from father to daughter consisted of (1) the right to withdraw the funds for the mutual benefit of the father and daughter while both were alive, and (2) the right to the entirety of the funds if the daughter survived the father. *See id*. McDaniels relies on *Beniger* to argue Rutter gifted her a present interest in the funds, and therefore he was required to withdraw the funds only for their *mutual* benefit.

If *Beniger's Estate* was still the final word on the issue, McDaniels might have been entitled to relief on appeal. However, we note that

subsequent legislative actions and case law have implicitly impacted the validity of **Beniger's Estate**'s holding.

First, the MPAA was enacted four years after **Beniger's Estate**. "The Pennsylvania legislature enacted the MPAA on the assumption that a person who deposits funds in a multiple-party account normally does not intend to make an irrevocable gift of all or any part of the funds represented by the deposit." **Deutsch, Larrimore & Farnish, P.C. v. Johnson**, 848 A.2d 137, 143 (Pa. 2004). Rather, joint bank accounts are generally intended to control disposition at death rather than constitute an *inter vivos* transfer. **See id**.

As a result, under the MPAA, ownership of the funds in a joint bank account is presumed to be in proportion to the net contributions of the still-living parties. **See** 20 Pa.C.S.A. § 6303(a). To overcome this presumption, a party must establish a different intent by clear and convincing evidence. **See id**. To the extent **Beniger's Estate** held that a deposit in a joint bank account was a gift of a present interest funds to the other owners of the account, the Supreme Court subsequently explained in **Deutsch** that:

> One who knowledgeably creates a joint account with another arguably does so with the present intent to employ the account's survivorship characteristic in substitution for a testamentary device. … Like other testamentary devices, creation of a joint account, without more, accomplishes no present transfer of title to property. If, as in this case, one person deposits all sums in the joint account, this arrangement contemplates transfer of title to those funds to the other person or persons named on the account upon the death of the depositor. Moreover, the creator of a joint account, like the maker of a will and unlike the giver of a gift, may change his or her mind prior to death.

*Deutsch*, 848 A.2d at 143-144.

Here, as in *Deutsch*, Rutter deposited all the funds at issue into the joint account. *See* Complaint, 6/26/2020, at ¶ 6. Under the MPAA, if Rutter intended any gift to McDaniels, it was presumed to be a testamentary gift that he could subsequently revoke during his lifetime. Ownership of the funds he deposited remained Rutter's, unless McDaniels is able to provide clear and convincing evidence that Rutter intended an *inter vivos* gift.

McDaniels contends that the fact she had the right to withdraw these funds is clear and convincing evidence that Rutter intended an *inter vivos* gift. If we were to accept this proposition, it would flip the language of the MPAA on its head. Joint accounts can be accounts from which multiple parties have the right to withdraw. *See* 20 Pa.C.S.A. § 6301 (defining "Joint account" and "Party"). This supposed evidence of a contrary intent was present in *Deutsch* and does not merit a distinction. *See Deutsch*, 848 A.2d at 139 (noting that the person who deposited all the funds into the joint account "created the account so that her children could make withdrawals…"). Absent some other allegation capable of supporting at least an inference that Rutter intended an *inter vivos* gift, the complaint was legally insufficient to establish McDaniels's right to fifty percent of the funds deposited by Rutter. We therefore affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/16/2021*